**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RECEIVED

2021 AUG 11  P 12: 28

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT.
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **LATORIA ANGLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** 1: 2l-cv-5J4 |
| | ) | |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **WAYNE FARMS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

**I.      INTRODUCTION**

1.      This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of the Americans with Disabilities Act, Title 42 U.S.C. § 12101 *et seq.*, (hereinafter "ADA"); and violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq.   The Plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.      JURISDICTION AND VENUE**

2.      Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3.      The unlawful employment practices alleged hereinbelow were committed by the defendant within Houston County, Alabama.   Venue is proper pursuant to 28 U.S.C. § 1391and 42 U.S.C. § 2000e-5(g).

4.      Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under the ADA.   Plaintiff timely filed her Charge of

Discrimination with the Equal Employment Opportunity Commission on October 13, 2020, and within 180 days of occurrence of the last discriminatory act.   Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

**III.   PARTIES**

5.   Plaintiff, Latoria Anglin (hereinafter "Plaintiff" or "Anglin"), is a female citizen of the United States and a resident of Houston County in the State of Alabama.

6.   Plaintiff was an eligible employee under the FMLA in that she worked for the Defendant for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

7.   Plaintiff is also a qualified individual under the Americans with Disabilities Act in that she suffers from the medical/mental condition which substantially limits one or more of her major life activities, and/or is perceived as having a disability which substantially limits her major life activities, and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

8.   Defendant, Wayne Farms, LLC, (hereinafter "Wayne Farms" or "Defendant"), is a corporation doing business in Houston County, Alabama, where at all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

9.   The Defendant is an employer pursuant to 42 U.S.C. § 12111(5);   an employer within the meaning of 42 U.S.C. § 2000e(a) and (b); and is a covered employer pursuant to 29 U.S.C. §2611(4).   At all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

2

10.     The Defendant employed 50 or more employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year.

## IV.     FACTUAL ALLEGATIONS

11.     Plaintiff worked for Wayne Farms, LLC, on and off over the past fourteen (14) years with an effective initial service date of February 5, 2006.

12.     Plaintiff's most recent tenure with the Defendant began in or about April 2017 when she started working as a Processing Laborer at the Defendant's Dothan, Alabama, facility.

13.     On or about May 20, 2018, Plaintiff began working as a Supervisor Trainee.

14.     The Plaintiff completed the Supervisor Trainee program and on or about November 11, 2019, she was promoted to the position of Assistant Supervisor in the Debone Department.

15.     During all relevant time periods, the Plaintiff's direct supervisor was Clarence Pope.

16.     During her most recent period of employment with Wayne Farms, Plaintiff was a person with a disability, and/or perceived as having a disability, and/or having a record of a disability as she suffers from the medical conditions of high blood pressure and depression and had received medical treatment for same.

17.     However, with or without reasonable accommodations Plaintiff was able to perform and did perform her job duties.

18.     Plaintiff's supervision was aware of her medical conditions and ongoing treatment for same.

19.     In approximately March/April 2020 the Plaintiff sought Family Medical Leave time in relation to her disabilities/serious medical conditions of high blood pressure and depression.

3

20.     Plaintiff was notified of her eligibility for FMLA leave on April 17, 2020, and given FMLA forms to complete. Plaintiff's physician completed the necessary forms as of April 30, 2020.

21.     On or about April 29, 2020, the Plaintiff's FMLA leave was approved for her uncontrolled hypertension treatment "as needed" until her blood pressure was controlled.

22.     Thereafter the Plaintiff took approved intermittent FMLA leave as needed in April 2020 for her doctor visits and due to her uncontrolled hypertension.

23.     Shortly after seeking FMLA leave and having her FMLA absences approved for the medical treatment of her disability the Plaintiff began being subjected to retaliation via unwarranted disciplinary actions by her supervisor.

24.     On May 1, 2020, Plaintiff was subjected to unwarranted discipline by her supervisor, Clarence Pope, for allegedly not paying employees correctly and for not being present on the floor.

25.     Both of these allegations were false and the Line Associate who made the complaints informed the Plaintiff's supervision that the complaints were not about Anglin, but were actually directed towards another supervisor. Nothing was done to correct the matter and the disciplines remained in Anglin's file.

26.     On May 20, 2020, the Plaintiff was issued another unwarranted discipline by Clarence Pope for allegedly not handling an altercation which took place between two of her team members. These allegations were also unfounded, which Anglin explained in response to the discipline. Anglin also requested her supervision review the camera footage as proof of her immediate responsive action to the employee altercation, but they refused to do so.

4

27.     Plaintiff took additional FMLA approved absences in July 2020 in relation to her hypertension.

28.     Plaintiff left work early on July 16, 2020, due to elevated blood pressure. Per her doctor's orders she was placed off work from July 17, 2020, through July 21, 2020.   These days were approved as FMLA leave.

29.     Almost immediately thereafter, Plaintiff received two more unwarranted disciplinary actions from Clarence Pope for allegedly not being present on the floor watching her lines on July 14 and 16, 2020.

30.     Plaintiff informed her supervisor in detail of what had actually occurred on those dates and that she had, in fact, been on the floor when needed and that the shifts were fully covered as the only time she was not on the floor was during her break times.

31.     At this time Plaintiff also set forth clearly in writing that she felt that she was being discriminated against.

32.     No action was taken in response to Anglin's discrimination complaint.

33.     Plaintiff was again placed off work and on approved Family Medical Leave by her doctor from July 28, 2020, through August 7, 2020, for her conditions of both hypertension and depression.

34.     While Plaintiff was awaiting an appointment to address her depression she was placed on leave and also applied for short term disability through August 12, 2020. The leave and short term disability benefits were approved.

35.     At the end of this approved leave period, Plaintiff returned to work.

36.     Plaintiff shortly thereafter applied for FMLA leave again in August 2020 in relation to her dependent minor child's serious medical condition of acute bronchitis and/or Covid related childcare needs.

37.     This leave request was also approved and Plaintiff took FMLA leave for these issues from August19, 2020, through August 26, 2020; and from August 27 – September 7, 2020.[1]

38.     On August 27, 2020, the Plaintiff was called and informed by Clarence Pope (Supervisor), Heath Hughes (Shift Manager), Christy Gill (Human Resources), and Adam (Finance Manager) that she was being demoted from her Assistant Supervisor position to that of an hourly Line Associate.

39.     After the Plaintiff's FMLA leave in relation to her child ended she returned to work demoted to the position of an hourly Line Associate where she suffered a reduction in wages, lost benefits, and loss of her supervisory status.

40.     Once Plaintiff returned from her approved FMLA leave she was not restored by the Defendant to the position of employment she held when the leave commenced or to an equivalent position.

41.     Throughout this time period the Plaintiff kept her supervisor, Clarence Pope, and Human Resources personnel informed of her medical treatments, leaves of absences, and what was going on with the care of her child and her medical conditions.

42.     Prior to the Plaintiff's 2020 FMLA leave requests in relation to her own medical conditions/disabilities and/or those of her dependent minor child, the Plaintiff had no disciplinary

---

[1] Plaintiff returned to work briefly on August 26, 2020, before going back out on leave on August 27, 2020.

6

actions against her.

43.    Plaintiff has been discriminated against on the basis of her disability, a perception of a disability, and/or history of a disability by being subjected to unwarranted disciplinary actions and by being demoted. This conduct was willful, malicious, and in wanton disregard of his federally protected rights.

44.    Plaintiff has also been unlawfully retaliated against in relation to her complaint of discrimination in that she was subjected to unwarranted disciplinary actions and by being demoted. This conduct was willful, malicious, and in wanton disregard of his federally protected rights.

45.    The Defendant also discriminated against the Plaintiff in retaliation for invoking her federally protected rights under the FMLA as she was subjected to unwarranted discipline and demotion.

46.    The Defendant interfered with the Plaintiff's federally protected rights under the FMLA by subjecting her to demotion in her position upon her return from approved FMLA leave.

47.    The defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights under the FMLA.

48.    The Defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

49.    As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

50.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

51.     Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**V.     CAUSES OF ACTION**

**COUNT I –DISCRIMINATION IN VIOLATION
OF THE AMERICANS WITH DISABILITIES ACT**

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51 above With the same force and effect as if fully set out in specific detail hereinbelow.

53.     Plaintiff is a qualified individual under the ADA because of her known disability, and/or perceived disability, and/or history of a being a person with a disability.

54.     The Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

55.     Despite the Plaintiff's disability, with or without reasonable accommodations, the Plaintiff was qualified for and able to perform the essential functions of her job with the Defendant.

56.     Plaintiff was subjected to unlawful discrimination by the Defendant based on her disability and/or perceived disability and/or history of a disability including, by being subjected to unwarranted discipline and by being demoted.

57.     At the time of this unlawful activity the defendant perceived the Plaintiff as having a disability, and/or had knowledge that the Plaintiff suffered from an actual disability and/or had a history of a disability.

8

58.     Defendant, by its discriminatory treatment of the Plaintiff has intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of her federally protected rights, as described herein.    This deprivation violates Plaintiff's rights under the Americans with Disabilities Act.

59.     The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II – INTERFERENCE IN VIOLATION OF
## THE FAMILY MEDICAL LEAVE ACT OF 1993

60.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51 above with the same force and effect as if fully set out in specific detail hereinbelow.

61.     As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

62.     As a result of her serious medical conditions and/or those of her minor child, as set out in detail above, the Plaintiff was eligible for federally protected medical leave from the Defendant.

63.     As a result of the Plaintiff's serious medical condition and/or those of her minor child, as set out in detail above, Plaintiff made known to the Defendant her need to take medical leave and was approved for Family Medical Leave for multiple periods from April 2020 through August 2020.

64.     Upon Plaintiff's return to work from her approved medical leave, the Defendant interfered with the Plaintiff's substantive rights under the Act by demoting her from a supervisory to an hourly position and failed to restore Plaintiff to the same job she held when her leave began

9

or to an equivalent job.

65.     The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of her employment in violation of the FMLA.

66.     The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

67.     The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

68.     The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## COUNT III – RETALIATION IN VIOLATION OF
## THE FAMILY MEDICAL LEAVE ACT OF 1993

69.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51 above with the same force and effect as if fully set out in specific detail hereinbelow.

70.     As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

71.     As a result of her serious medical conditions and/or those of her minor child, as set out in detail above, the Plaintiff was eligible for federally protected medical leave from the Defendant.

72.    As a result of the Plaintiff's serious medical condition and/or that of her minor child, as set out in detail above, Plaintiff made known to the Defendant her need to take medical leave and was approved for Family Medical Leave for multiple periods from April 2020 through August 2020.

73.    The Defendant retaliated against the Plaintiff for her protected activities of seeking FMLA leave and/or taking approved FMLA leave by subjecting her to unwarranted discipline and demotion.

74.    The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff, in the terms, conditions, and benefits of her employment in violation of the FMLA.

75.    The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

76.    The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

77.    The Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## COUNT IV – UNLAWFUL RETALIATION IN RESPONE TO COMPLAINT OF DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE FAMILY MEDICAL LEAVE ACT

78.    Plaintiff realleges and incorporates by reference paragraphs 1 through 51 above with the same force and effect as if fully set out in specific detail hereinbelow.

79. As set out in detail above, the Plaintiff made a good faith and reasonable complaint of discrimination in response to being subjected to unwarranted discipline.

80. Thereafter, the Defendant retaliated against the plaintiff for protesting and complaining about discrimination in the terms, conditions and benefits of her employment, including subjecting her to unwarranted discipline and demotion.

81. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

82. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

83. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

84. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by the Americans with Disabilities Act, and as secured by the Family and Medical Leave Act of 1993;

12

2.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act, and the Family and Medical Leave Act of 1993;

3.      Grant the Plaintiff an order requiring the Defendants to make her whole by awarding her reinstatement into the full-time position(s) she would have occupied in the absence of the unlawful acts by the Defendant with the same seniority, leave and other benefits of the position (or front pay), and back pay (with interest);

4.      Grant Plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing the Defendant to reinstate all of Plaintiff's employment benefits, including but not limited to her health insurance and retirement benefits, retroactive to the date of their cessation;

5.      Grant plaintiff a declaratory judgment against the Defendant that her demotion violated the FMLA and ADA;

6.      Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the Defendant and in favor of the Plaintiff for the monetary losses Plaintiff sustained as a direct result of the defendant's demotion of Plaintiff in violation of the FMLA;

7.      Grant Plaintiff applicable compensatory damages, punitive damages (ADA), liquidated damages (FMLA), and/or nominal damages, plus interest;

8.      Grant Plaintiff her attorney's fees and costs; and

9.      Grant Plaintiff such other relief as justice requires.

13

Respectfully submitted,

s/ Temple D. Trueblood
Temple D. Trueblood (TRUET0355)
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama   35203
Telephone: (205) 314-0500


**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE
TO A JURY.**

s/ Temple D. Trueblood
OF COUNSEL


**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named
Defendants the following : Summons, Complaint.**

**Defendant's Addresses:**
Wayne Farms, LLC
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

s/ Temple D. Trueblood
OF COUNSEL

14